IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:06CR00046 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RODNEY EDWARD STEWART,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Rodney Edward Stewart, Pro Se Defendant.*

The defendant, Rodney Edward Stewart, proceeding pro se, filed related pleadings styled as a "MOTION FOR INDICATIVE RULING PURSUANT TO FED. R. CIV. P. 62.1 OR PURSUANT TO RULE 4(A)(4)" and "SUPPLEMENTAL MOTION TO FED. R. CIV. P. 62.1/4(A)(4) MOTION FOR INDICATIVE RULING," both asserting that the court erred in ruling on Stewart's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012).  After reviewing Stewart's current submissions and the record, I will construe and dismiss them as a successive § 2255 motion.

Stewart was convicted after a jury trial of possessing a firearm as a convicted felon, and based on his prior convictions, I sentenced him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (West 2000 & Supp. 2012), to 240 months in prison.  Stewart appealed, challenging the sufficiency of

the evidence.  The United States Court of Appeals for the Fourth Circuit affirmed the judgment.  *United States v. Stewart*, 269 F. App'x 332 (4th Cir. 2008) (unpublished).

Stewart then filed a § 2255 motion, asserting among other claims, that he was actually innocent of being an armed career criminal under § 924(e) because three of the five prior convictions used to apply the ACCA enhancement do not qualify as prerequisite offenses under that statute in light of *Begay v. United States*, 553 U.S. 137 (2008).  Counsel was appointed to represent Stewart and further briefing was ordered.

After consideration of counsel's arguments, I denied relief under § 2255, finding that Stewart had procedurally defaulted several claims, including his ACCA claim, because he did not raise them on appeal.  I also found that Stewart had failed to prove actual innocence of his prior convictions so as to excuse the procedural default of the ACCA claim.  *United States v. Stewart*, No. 1:06CR00046, 2011 WL 4595243 (W.D. Va. Oct. 3, 2011), *appeal dismissed*, No. 11-7488, 2012 WL 886902 (4th Cir. Mar. 16, 2012) (unpublished).

In his current motions, Stewart seeks to raise a new claim that he asked appellate counsel to challenge the ACCA sentence on appeal, and counsel was ineffective in failing to present the *Begay* issue to the court of appeals because Stewart's appeal was still pending at the time the *Begay* decision issued.  Stewart

asserts that I should have construed his § 2255 pleadings as raising a claim of ineffective assistance on appeal and that based on this defect in the § 2255 proceedings, I should now reopen Stewart's § 2255 proceeding, address on its merits this new claim, and conduct a hearing to determine whether his ACCA sentence can stand. However, I find no ground on which to revisit my prior rulings on Stewart's § 2255 claims. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (finding that petitioner seeking relief from the court's judgment denying his § 2255 motion must demonstrate "some defect in the integrity of the . . . habeas proceedings" to justify revisiting the judgment, such as an erroneous finding of procedural default or a statute of limitations bar).

In his current pleadings, Stewart does not challenge my finding that his ACCA claim was procedurally defaulted because he failed to raise it on appeal or my finding that his claim of "actual innocence" did not suffice to circumvent that default. Moreover, neither Stewart nor his habeas counsel raised any claim that Stewart's trial or appellate counsel was ineffective with regard to the ACCA sentence. Therefore, I do not find any defect in the § 2255 proceedings based on the fact that I did not infer a claim that appellate counsel was ineffective regarding Stewart's ACCA sentence, when no such claim was asserted.

The defendant may not use a motion to reconsider a § 2255 ruling to evade the successive petition bar contained in 28 U.S.C.A. § 2244(b) (West 2006) and

bring new claims that challenge the underlying conviction or sentence or that attack "the substance of the federal court's resolution of a [prior habeas] claim on the merits." *Id.* A motion that attempts such an attack must be construed and summarily dismissed as a successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Stewart's current motions present claims that he is entitled to § 2255 relief because counsel was ineffective on appeal. These new claims attack the underlying criminal sentence, rather than the integrity of the § 2255 proceedings, and must be construed as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532; *Winestock*, 340 F.3d at 207.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. Stewart offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to redocket Stewart's submissions as a § 2255 motion, which I will summarily dismiss as successive.

A separate Final Order will be entered herewith.

DATED: June 4, 2012

/s/ James P. Jones
United States District Judge

-4-