# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:06CR00046 |
| v. | ) | **OPINION** |
| **RODNEY EDWARD STEWART,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Rodney Edward Stewart, Pro Se Defendant.*

The defendant, Rodney Edward Stewart, proceeding pro se, has filed a pleading styled as a "MOTION FOR RELIEF FROM A JUDGMENT, PURSUANT TO Fed. R. Civ. P. 60(b)(1)(4) & (6)," asserting that the court erred in ruling on Stewart's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). After reviewing Stewart's current submission and the record, I find that it must be denied.

Stewart was convicted after a jury trial of possessing a firearm as a convicted felon, and based on his prior convictions, I sentenced him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2012), to 240 months in prison. Stewart's appeal of his conviction was unsuccessful. *United States v. Stewart*, 269 F. App'x 332 (4th Cir. 2008) (unpublished).

Stewart then filed a § 2255 motion, asserting among other claims, that he was actually innocent of being an armed career criminal under § 924(e) because three of the five prior convictions used to apply the ACCA enhancement do not qualify as prerequisite offenses under that statute in light of *Begay v. United States*, 553 U.S. 137 (2008). I denied relief under § 2255, finding that Stewart had procedurally defaulted his ACCA claim, because he did not raise it on appeal. *United States v. Stewart*, No. 1:06CR00046, 2011 WL 4595243, at *5 (W.D. Va. Oct. 3, 2011), *appeal dismissed*, 469 F. App'x 202 (4th Cir. 2012) (unpublished).

In his current motion, Stewart asserts that his § 2255 pleadings demonstrated that the novelty of the *Begay* decision should serve as cause for default of his ACCA claim. Based on my alleged error in failing to address this issue in the § 2255 proceedings, Stewart contends that I should now reopen his § 2255 proceeding and conduct a hearing to determine whether his ACCA sentence can stand. However, I find no ground on which to revisit my prior rulings on Stewart's § 2255 claims. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (finding that petitioner seeking relief from the court's judgment denying his § 2255 motion must demonstrate "some defect in the integrity of the . . . habeas proceedings" to justify revisiting the judgment, such as an erroneous finding of procedural default or a statute of limitations bar).

In his current pleadings, Stewart does not challenge my finding that his ACCA claim was procedurally defaulted because he failed to raise it on appeal or my finding that his asserted claim of "actual innocence" did not suffice to circumvent that default. I also do not find any defect in the § 2255 proceedings based on the fact that I did not address, sua sponte, whether the novelty of the holding in *Begay* constituted cause to excuse Stewart's default of his ACCA claim. Stewart's § 2255 pleadings raised no such argument. Moreover, this novelty argument has been soundly rejected by the United States Supreme Court in cases, like Stewart's, where other defendants have raised the very challenge that he contends was unavailable to him. *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998) (internal quotation marks and citations omitted) ("While . . . a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default, . . . futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."); *see also Mercer v. United States*, No. 2:09cv490-MHT, 2011 WL 4501404, at *4 (M.D. Ala. Aug. 9, 2011) (rejecting cause argument for default of ACCA claim based on alleged novelty of *Begay* holding), *report and recommendation adopted*, No. 2:09cv490-MHT, 2011 WL 4501397 (M.D. Ala. Sept. 29, 2011).

A separate Final Order will be entered herewith, denying Stewart's motion.

DATED: October 9, 2012

/s/ James P. Jones
United States District Judge