# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:06CR00046 |
| v. | ) | **OPINION AND ORDER** |
| **RODNEY EDWARD STEWART,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Rodney Edward Stewart, Pro Se.*

Rodney Edward Stewart, a federal inmate previously sentenced by this court, has filed a motion seeking relief under Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure from a prior ruling denying his motion to vacate his sentence under 28 U.S.C. § 2255. In the § 2255 motion, Stewart argued, among other things, that his sentence should be vacated because he had been improperly determined to be a Armed Career Criminal within the meaning of *Begay v. United States*, 553 U.S. 137 (2008). I rejected this claim on the ground that it was procedurally defaulted because it had not been previously raised and he had not alleged that he was actually innocent of any of the predicate offenses. *United States v. Stewart*, No. 1:06CR00046, 2011 WL 4595243, at *10 (W.D. Va. Oct. 3, 2011), *appeal dismissed*, 469 F. App'x 202 (4th Cir. 2012). I also found that his

trial counsel was not constitutionally ineffective for not attacking his five prior New Jersey convictions, both because the attorney could have reasonably believed that the convictions were valid predicates and because Stewart suffered no prejudice. *Id.* at *11.

In his present motion, Stewart relies upon a decision of the court of appeals, *Whiteside v. United States*, 748 F.3d 541, 551 (4th Cir. 2014), which held that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." However, Stewart's reliance on that decision is misplaced. First, it has no application to the reasons his Armed Career Criminal claim was originally denied by this court and second, the panel decision in *Whiteside* was later vacated by the court of appeals en banc. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014).

For these reasons, the defendant's motion (ECF No. 213) is DENIED.

It is so **ORDERED**.

ENTER: February 19, 2015

/s/ James P. Jones
United States District Judge