# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:06CR00046 |
| v. | ) **OPINION** |
| | ) |
| **RODNEY EDWARD STEWART,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for defendant.*

On April 18, 2007, I sentenced defendant Rodney Edward Stewart to twenty years' incarceration and five years' supervised release. (Judgment, ECF No. 88.) I imposed that sentence because Stewart was convicted of being a felon in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA") due to three prior convictions of qualifying crimes under the ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B).

On June 26, 2015, the Supreme Court determined that the ACCA's residual clause was unconstitutionally vague and invalid under the Due Process Clause. *Johnson v. United States*, 135 S. Ct. 2551 (2015); *see Welch v. United States*, 136 S. Ct. 1257 (2016) (holding *Johnson* applies retroactively to cases on collateral review). In accordance with *Johnson*, Stewart filed a successive Motion to Vacate,

Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, arguing that the three crimes used to enhance his sentence under the residual clause must be disregarded.[1] The United States has not opposed Stewart's request to vacate the current sentence and impose an amended sentence without the ACCA enhancement.

Pursuant to *Johnson*, Stewart's Motion to Vacate is granted. The appropriate sentence would be ten years' incarceration and three years' supervised release. Because Stewart has already served ten years, his sentence will be reduced to time served followed by three years' supervised release. Accordingly, the Clerk will prepare an amended judgment to correct Stewart's sentence. *See United States v. Hadden*, 475 F.3d 652, 667-70 (4th Cir. 2007) (recognizing a district court may correct a sentence without conducting a sentencing hearing).

DATED: April 29, 2016

/s/ James P. Jones
United States District Judge

---

[1] The Court of Appeals for the Fourth Circuit granted Stewart leave to file the successive motion in accordance with 28 U.S.C. § 2255(h). *In re: Rodney Edward Stewart*, No. 15-320, slip op. at 2 (4th Cir. Apr. 25, 2016).